**IN THE COURT OF APPEALS OF IOWA**

No. 15-0168
Filed April 8, 2015

**IN THE INTEREST OF A.F.,**
**Minor Child,**

**B.Z., Father,**
    Appellant.

_____

    Appeal from the Iowa District Court for Cerro Gordo County, Annette
Boehlje, District Associate Judge.


    A father appeals from the order terminating his parental rights.
**AFFIRMED.**


    Michael J. Moeller of Sorensen Law Office, Clear Lake, for appellant
father.

    Jane M. Wright, Forest City, for mother.

    Thomas J. Miller, Attorney General, Kathryn K. Lang, Assistant Attorney
General, Carlyle D. Dalen, County Attorney, and Nichole M. Benes, Assistant
County Attorney, for appellee State.

    Mark Young of Young Law Office, Mason City, for minor child.


    Considered by Vaitheswaran, P.J., Tabor, J., and Mahan, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

A father appeals from the order terminating his parental rights. There is sufficient evidence in the record to support termination of the father's rights. Termination of the father's rights is in the child's best interests. The evidence does not support a determination that termination is inappropriate based on the closeness of the parent-child relationship. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

Brian and Jacqueline are the parents of A.F., who was born in 2012. The parents were not living together when A.F. was removed from Jacqueline's care on November 14, 2013, due to substance abuse and domestic violence in the mother's home.[1] A.F. was placed in foster care.

On December 2, 2013, A.F. was adjudicated to be a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) (2013). Both parents were ordered to complete substance abuse evaluations and comply with any recommended treatment. They were also required to submit to random drug testing. Brian told service providers he did not intend to attend treatment and would continue to use marijuana. Because he would not agree to attend treatment, the juvenile court would not approve unsupervised visitation. The court noted Brian had a complete lack of understanding that he had a drug problem and a lack of desire to address it.

---

[1] Sometime in 2013 Brian was hospitalized for mental health and substance abuse issues. He decided to quit drinking alcohol, but kept smoking marijuana. He has not received mental health treatment.

On July 17, 2014, the juvenile court entered a permanency order granting the parents an additional six months to participate in reunification services, but they still made little to no progress. The State filed a petition seeking termination of the parents' rights on October 1, 2014. In December 2014, at the instigation of his current paramour, Lisa, Brian began an in-patient substance abuse treatment program. At the time of the termination hearing, on January 9, 2015, Brian was still attending this treatment program.

The juvenile court entered an order on January 15, 2015, terminating the parents' rights under section 232.116(1)(h).[2] The court found termination was in A.F.'s best interests. The court also found none of the exceptions to termination in section 232.116(3) applied. The court noted Brian had a lengthy addiction to marijuana and had only been sober for about thirty days. Brian did not have a job or stable housing. The court determined A.F. should not be required to wait any longer for Brian to be able to care for her. Brian appeals the decision of the juvenile court.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount

---

[2] Jacqueline has not appealed the termination of her parental rights.

concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

Brian claims there is not clear and convincing evidence in the record to support a finding that the child could not be returned to his care, as found in section 232.116(1)(h)(4). He points out that he was attending a substance abuse treatment program and was taking steps so that he could provide for A.F.'s care. He additionally points out he would have a stable residence with Lisa when he was discharged from in-patient treatment.

We find there is clear and convincing evidence in the record to support a finding the child could not be safely placed in Brian's care at the time of the termination hearing. Brian was still attending an in-patient treatment program and was not in a position to assume the care of A.F. at that time. Furthermore, he had a lengthy history of substance abuse and had not demonstrated an ability to remain sober outside of the treatment facility. Brian testified he had never held a steady job. His residence was dependent upon his relationship with Lisa. Also, he had never addressed mental health concerns. We conclude the juvenile court properly terminated Brian's parental rights under section 232.116(1)(h).

### IV. Best Interests

Brian asserts termination of his parental rights was not in the best interests of A.F. He states service providers had few concerns about his parenting abilities. He claims he can be a nurturing caregiver for the child. When considering the best interests of a child, under section 232.116(2) we consider the child's safety, the best placement for furthering the long-term

nurturing and growth of the child, and the physical, mental, and emotional condition and needs of the child. *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010).

On our de novo review, we conclude termination of Brian's parental rights is in A.F.'s best interests. Throughout most of the case Brian remained defiant and refused to attend treatment for his marijuana addiction. He was given an additional six months to work on reunification services but did not take advantage of this opportunity. Brian waited for more than one year after the child was removed from her mother's care to start to address his substance abuse problems. At the time of the termination hearing, he was still attending treatment, and thus, was unable to demonstrate an ability to remain sober outside of a treatment setting. A.F. should not be required to wait longer for a permanent and stable home. A child should not be required to wait for his or her parents to become responsible adults. *See In re K.R.*, 737 N.W.2d 321, 324 (Iowa Ct. App. 2007).

### V. Exceptions

Brian contends the juvenile court should have determined termination was inappropriate in this case due to the closeness of the parent-child bond, based on section 232.116(3)(c). "Even though the court may determine that termination is appropriate under section 232.116(2), the court need not terminate a parent's rights if any of the circumstances contained in section 232.116(3) exist." *P.L.*, 778 N.W.2d at 37. The factors found in section 232.116(3) are permissive, not mandatory, and the court may exercise discretion in determining whether to apply them. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

The juvenile court stated, "The Court simply cannot find that the parent-child relationship is so strong that it outweighs the need for termination. Despite any fondness or love between the parents and the child, it is not in the child's best interest to wait any longer for permanency." We concur in the juvenile court's conclusion. The evidence does not support a determination that termination is inappropriate based on the closeness of the parent-child relationship.

We affirm the decision of the juvenile court.

**AFFIRMED.**